USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/25/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

             - against -

ALTERNATIVE GREEN TECHNOLOGIES, INC.,
MITCHELL SEGAL, BELMONT PARTNERS,
LLC, JOSEPH MEUSE, HOWARD BORG, DAVID
RYAN, VIKRAM KHANNA, and PANASCOPE
CAPITAL INC.

                Defendants,

SIERRA RANGE HOLDINGS, INC., SENIOR
CAPITAL SERVICES, INC., LAW OFFICES OF
MITCHELL SEGAL, P.C., and THOMAS RUSSO,

                Relief Defendants.

ECF CASE

11 cv 9056

---------------------------------------------------------------- x

## FINAL JUDGMENT AS TO DEFENDANTS PANASCOPE CAPITAL INC. AND VIKRAM KHANNA

The Securities and Exchange Commission having filed a Complaint, and Defendants Panascope Capital Inc. ("Panascope") and Vikram Khanna ("Khanna") (collectively "Defendants") having entered a general appearance; consented to the Court's jurisdiction over himself and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants are jointly and severally liable for disgorgement of $74,429.31, representing profits gained as a result of the conduct alleged in the Complaint, plus prejudgment interest thereon in the amount of $7,047.79. Defendants shall satisfy this obligation by making payments by certified check, bank cashier's check, or United States postal money order payable to the Securities and

Exchange Commission as follows: $16,295.42 within 14 days after entry of this Final Judgment; $16,295.42 within 90 days after entry of this Final Judgment; $16,295.42 within 180 days after entry of this Final Judgment; $16,295.42 within 270 days after entry of this Final Judgment and $16,295.42, together with post-judgment interest as provided below, within 360 days after entry of this Final Judgment. The payments shall be delivered or mailed to the Securities and Exchange Commission, Office of Financial Management, Accounts Receivable, 100 F Street NE Stop 6042, Washington DC 20549, and shall be accompanied by a letter identifying Panascope and Khanna as defendants in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendants shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action, Todd D. Brody, and to Robert J. Keyes, Associate Regional Director, U.S. Securities and Exchange Commission, New York Regional Office, 3 World Financial Center, Room 400, New York, New York 10281-1022. Defendants shall pay post-judgment interest pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury. If Defendants fail to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately without further application to the Court. By making these payments, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendants.

### III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the attached Consent of Defendants Panascope Capital Inc. and Vikram Khanna is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

### IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**SO ORDERED.**

Dated: _____, 2011

*Deborah A. Batts*
UNITED STATES DISTRICT JUDGE
1/25/12

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

                - against -

ALTERNATIVE GREEN TECHNOLOGIES, INC.,
MITCHELL SEGAL, BELMONT PARTNERS,
LLC, JOSEPH MEUSE, HOWARD BORG, DAVID
RYAN, VIKRAM KHANNA, and PANASCOPE
CAPITAL INC.,

                Defendants, and

SIERRA RANGE HOLDINGS, INC., SENIOR
CAPITAL SERVICES, INC., LAW OFFICES OF
MITCHELL SEGAL, P.C., and THOMAS RUSSO,

                Relief Defendants.
------------------------------------------------------------------- x

ECF CASE

## CONSENT OF DEFENDANTS
## PANASCOPE CAPITAL INC. AND VIKRAM KHANNA

1. Defendant Panascope Capital Inc. ("Panascope") and Vikram Khanna ("Khanna") (collectively, "Defendants") waive service of a summons and the complaint in this action, enter a general appearance, and admit the Court's jurisdiction over Defendants and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendants admits), Defendants hereby consent to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a) permanently restrains and enjoins Defendants from violation of Sections

5

5(a) and 5(c) of the Securities Act;

(b) orders Defendants to jointly and severally pay disgorgement in the amount of $74,429.31, plus prejudgment interest thereon in the amount of $7,047.79, as follows: $16,295.42 within 14 days after entry of the Final Judgment; $16,295.42 within 90 days after entry of the Final Judgment; $16,295.42 within 180 days after entry of the Final Judgment; $16,295.42 within 270 days after entry of the Final Judgment and $16,295.42, together with post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961, within 360 days after entry of this Final Judgment.

3. Defendants waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4. Defendants waive the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5. Defendants enter into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendants to enter into this Consent.

6. Defendants agree that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7. Defendants will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8. Defendants waive service of the Final Judgment and agree that entry of the Final

Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendants of its terms and conditions. Defendants further agree to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendants has received and read a copy of the Final Judgment.

9. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendants in this civil proceeding. Defendants acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendants waive any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendants further acknowledge that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendants understand that they shall not be permitted to contest the factual allegations of the complaint in this action.

10. Defendants understand and agree to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5. In

7

compliance with this policy, Defendants agree: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendants hereby withdraw any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendants breach this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendants': (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11. Defendants hereby waive any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendants to defend against this action. For these purposes, Defendants agree that Defendants are not the prevailing party in this action since the parties have reached a good faith settlement.

12. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendants (i) agree to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoint Defendants' undersigned attorney as agent to receive service of such notices

8

and subpoenas; (iv) with respect to such notices and subpoenas, waive the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendants' travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consent to personal jurisdiction over Defendants in any United States District Court for purposes of enforcing any such subpoena.

13. Defendants agree that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14. Defendants agree that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 12-12-11          _____
                         Vikram Khanna

On December __, 2011, _____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

[handwritten: See attached Notary dated 12/12/11]

                         _____
                         Notary Public
                         Commission expires:

9

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**  CIVIL CODE § 1189

State of California
County of Los Angeles

On 12/12/11 before me, Brenda Wootten Notary Public
personally appeared Vikram Khanna

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature: BWootten

*[Notary Seal: BRENDA WOOTTEN, Commission # 1805906, Notary Public - California, Los Angeles County, My Comm. Expires Jul 5, 2012]*

Place Notary Seal Above — Signature of Notary Public

——— OPTIONAL ———

Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.

**Description of Attached Document**
Title or Type of Document: Consent of Defendants
Document Date: 12/12/11   Number of Pages: 10
Signer(s) Other Than Named Above: Sale

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Individual
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Individual
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

© 2010 National Notary Association • NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5907

[Panascope Capital Inc.]

By: _____
[Vikram Khanna]
[Title] PRESIDENT
[Address] 9003 RESEDA BLVD. 205A.
NORTHRIDGE CA. 91324

On December __, 2011, _____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of _____ as its _____.

_____
Notary Public
Commission expires: See attached Notary dated 12/12/11

Approved as to form:

_____
Irving M. Einhorn
Law Offices of Irving M. Einhorn
1710 10th Street
Manhattan Beach, CA 90266
*Attorney for Defendant*

10

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**  CIVIL CODE § 1189

State of California
County of Los Angeles

On 12/12/11 before me, Brenda Wootten Notary Public
*Date*  *Here Insert Name and Title of the Officer*

personally appeared Vikram Khanna
*Name(s) of Signer(s)*

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature: _____
*Signature of Notary Public*

[Notary Seal: BRENDA WOOTTEN, Commission # 1805906, Notary Public - California, Los Angeles County, My Comm. Expires Jul 5, 2012]

Place Notary Seal Above

─── **OPTIONAL** ───

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**
Title or Type of Document: Consent of Defendants
Document Date: 12/2/11  Number of Pages: 10
Signer(s) Other Than Named Above: Same

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
- ☐ Corporate Officer — Title(s): _____
- ☐ Individual
- ☐ Partner — ☐ Limited ☐ General
- ☐ Attorney in Fact
- ☐ Trustee
- ☐ Guardian or Conservator
- ☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer's Name: _____
- ☐ Corporate Officer — Title(s): _____
- ☐ Individual
- ☐ Partner — ☐ Limited ☐ General
- ☐ Attorney in Fact
- ☐ Trustee
- ☐ Guardian or Conservator
- ☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

© 2010 National Notary Association • NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5907