UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
SECURITIES AND EXCHANGE COMMISSION,

             Plaintiff,

           - against -

ALTERNATIVE GREEN TECHNOLOGIES, INC.,
MITCHELL SEGAL, BELMONT PARTNERS,
LLC, JOSEPH MEUSE, HOWARD BORG, DAVID
RYAN, VIKRAM KHANNA, and PANASCOPE
CAPITAL INC.,

           Defendants, and

SIERRA RANGE HOLDINGS, INC., SENIOR
CAPITAL SERVICES, INC., LAW OFFICES OF
MITCHELL SEGAL, P.C., and THOMAS RUSSO,

           Relief Defendants.
------------------------------------------------------------- x

ECF CASE

11 cv 9056

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/25/12

## FINAL JUDGMENT AS TO DEFENDANT HOWARD BORG

The Securities and Exchange Commission having filed a Complaint, and Defendant Howard Borg ("Borg") having entered a general appearance; consented to the Court's jurisdiction over himself and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

### I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Borg and Borg's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are

permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Borg is liable for disgorgement of $35,146.89, representing profits gained as a result of the conduct alleged in the Complaint, plus prejudgment interest thereon in the amount of $117.16. Borg shall satisfy this obligation by paying $35,264.05 within 14 days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and

Exchange Commission. The payment shall be delivered or mailed to the Securities and Exchange Commission, Office of Financial Management, Accounts Receivable, 100 F Street NE Stop 6042, Washington DC 20549, and shall be accompanied by a letter identifying Borg as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Borg shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action, Todd D. Brody, and to Robert J. Keyes, Associate Regional Director, U.S. Securities and Exchange Commission, New York Regional Office, 3 World Financial Center, Room 400, New York, New York 10281-1022. Borg shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

### III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Borg shall surrender to the transfer agent Pacific Stock and Transfer Company for cancellation 4,264,151 shares of purportedly unregistered stock of Alternative Green Technologies, Inc. that are held in a brokerage account that Borg controls.

### IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the attached Consent of Defendant Howard Borg is incorporated herein with the same force and effect as if fully set forth herein, and that Borg shall comply with all of the undertakings and agreements set forth therein.

V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**SO ORDERED.**

Dated: _____, 2011

*Deborah A. Batts*
UNITED STATES DISTRICT JUDGE  1/25/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
SECURITIES AND EXCHANGE COMMISSION,

               Plaintiff,

               - against -

ALTERNATIVE GREEN TECHNOLOGIES, INC.,
MITCHELL SEGAL, BELMONT PARTNERS,
LLC, JOSEPH MEUSE, HOWARD BORG, DAVID
RYAN, VIKRAM KHANNA, and PANASCOPE
CAPITAL INC.

               Defendant,

SIERRA RANGE HOLDINGS, INC., SENIOR
CAPITAL SERVICES, INC., LAW OFFICES OF
MITCHELL SEGAL, P.C., and THOMAS RUSSO,

               Relief Defendant.

------------------------------------------------------------------- x

ECF CASE

## CONSENT OF DEFENDANT HOWARD BORG

1.    Defendant Howard Borg ("Borg") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.    Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

       (a)   permanently restrains and enjoins Defendant from violation of Sections 5(a) and 5(c) of the Securities Act;

       (b)   orders Defendant to pay disgorgement in the amount of $35,146.89, plus

Dec 12 11 09:18p    BORG                                            1(516)367-2004         p.6

        prejudgment interest thereon in the amount of $117.16

  (c)    orders Defendant to surrender to the transfer agent Pacific Stock and Transfer Company for cancellation 4,264,151 shares of purportedly unrestricted stock of Alternative Green Technologies, Inc. that are held in a brokerage account that Borg controls.

3. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

6. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

9. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

10. Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they

7

Dec 12 11 09:18p    BORG                                    1(516)367-2004              p.8

deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

12. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to

8

personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

13. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 12/10/11

_____
Howard Borg

On December 10, 2011, Howard Burg, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

MARK K ANECH
NOTARY PUBLIC, State of New York
No. 2AN4958875
Qualified in Nassau County
Commission Expires July 2, 2012

Notary Public
Commission expires: 7/2/2012

On December __, 2011, _____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of _____ as its _____.

Notary Public
Commission expires:

Approved as to form:

_____
Michael C. Farkas, Esq., PLLC
381 Park Avenue South, 16th Floor
New York, New York 10016
*Attorney for Defendant*

9