Scheindler, S.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------- x

SECURITIES AND EXCHANGE COMMISSION,  :

                       **Plaintiff,**  :

             **- against -**  :

ALTERNATIVE GREEN TECHNOLOGIES, INC.,  :
MITCHELL SEGAL, BELMONT PARTNERS,
LLC, JOSEPH MEUSE, HOWARD BORG, DAVID  :
RYAN, VIKRAM KHANNA, and PANASCOPE
CAPITAL INC.,  :

         **Defendants, and**  :

SIERRA RANGE HOLDINGS, INC., SENIOR  :
CAPITAL SERVICES, INC., LAW OFFICES OF
MITCHELL SEGAL, P.C., and THOMAS RUSSO,  :

         **Relief Defendants.**  :

                                        :
-------------------------------------------------------------- x

**Index No.: 11 Civ. 9056**
**(SAS)**

**ECF CASE**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/8/14

## FINAL JUDGMENT AS TO
## BELMONT PARTNERS, LLC AND JOSEPH MEUSE

      The Securities and Exchange Commission ("Commission") having filed a Complaint and

Defendants Belmont Partners, LLC ("Belmont") and Joseph Meuse ("Meuse") (collectively,

"Defendants") having entered a general appearance; consented to the Court's jurisdiction over

Defendants and the subject matter of this action; consented to entry of this Final Judgment;

waived findings of fact and conclusions of law; and waived any right to appeal from this Final

Judgment:

I.

      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants and

Defendants' agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of

2

transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant Meuse is prohibited, for five years following the date of entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

### IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Meuse is barred, for five years following the date of entry of this Final Judgment, from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

3

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Belmont is liable for disgorgement of $110,500, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $9,000, and a civil penalty in the amount of $55,500 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C §§ 78u(d)(3)]; and Defendant Meuse is liable for a civil penalty in the amount of $50,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C §§ 78u(d)(3)]. Meuse and Belmont shall satisfy this obligation by collectively paying $225,000 to the Securities and Exchange Commission pursuant to the terms of the payment schedule set forth in paragraph VI below after entry of this Final Judgment.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Defendants Belmont and Meuse's names as defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

4

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

VI.

Defendant Belmont shall pay the total of disgorgement, prejudgment interest, and penalty due of $175,000 in 4 installments to the Commission according to the following schedule: (1) $87,500, within 14 days of entry of this Final Judgment; (2) $29,166.66, within 120 days of entry of this Final Judgment; (3) $29,166.67, within 240 days of entry of this Final Judgment; and (4) $29,166.67, within 360 days of entry of this Final Judgment. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of Final Judgment. Prior to making the final payment set forth herein, Defendant Belmont shall contact the staff of the Commission for the amount due for the final payment.

Defendant Meuse shall pay the total penalty due of $50,000 in 4 installments to the Commission according to the following schedule: (1) $25,000, within 14 days of entry of this Final Judgment; (2) $8,333.33, within 120 days of entry of this Final Judgment; (3) $8,333.33, within 240 days of entry of this Final Judgment; (2) $8,333.34, within 360 days of entry of this

Final Judgment. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of Final Judgment. Prior to making the final payment set forth herein, Defendant Belmont shall contact the staff of the Commission for the amount due for the final payment.

If Belmont or Meuse fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: JAN 8, 2014
       New York, NY

THE HONORABLE SHIRA A. SCHEINDLIN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------   x
SECURITIES AND EXCHANGE COMMISSION,                            :
                                                               :
                     Plaintiff,                                :
                                                               :
                   - against -                                 :
                                                               :
ALTERNATIVE GREEN TECHNOLOGIES, INC.,                          :
MITCHELL SEGAL, BELMONT PARTNERS,                              :       Index No.: 11 Civ. 9056
LLC, JOSEPH MEUSE, HOWARD BORG, DAVID                          :       (SAS)
RYAN, VIKRAM KHANNA, and PANASCOPE                             :
CAPITAL INC.,                                                  :       ECF CASE
                                                               :
                     Defendants, and                           :
                                                               :
SIERRA RANGE HOLDINGS, INC., SENIOR                            :
CAPITAL SERVICES, INC., LAW OFFICES OF                         :
MITCHELL SEGAL, P.C., and THOMAS RUSSO,                        :
                                                               :
                     Relief Defendants.                        :
                                                               :
------------------------------------------------------------   x
```

## CONSENT OF DEFENDANTS
## BELMONT PARTNERS, LLC AND JOSEPH MEUSE

1.      Defendants Belmont Partners, LLC ("Belmont") and Joseph Meuse ("Meuse")

(collectively, "Defendants") acknowledge having been served with the complaint in this action,

enter a general appearance, and admit the Court's jurisdiction over Defendants and over the

subject matter of this action.

2.      Without admitting or denying the allegations of the complaint (except as to

personal and subject matter jurisdiction, which Defendants admit), Defendants hereby consent to

1

the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

(a) permanently restrains and enjoins Defendants from violation of Sections 5 of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77(e)] and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5];

(b) orders Defendant Belmont to pay disgorgement in the amount of $110,500, plus prejudgment interest thereon in the amount of $9,000;

(c) orders Defendant Belmont to pay a civil penalty in the amount of $55,500 under Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C §§ 78u(d)(3)];

(d) orders Defendant Meuse to pay a civil penalty in the amount of $50,000 under Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C §§ 78u(d)(3)];

(e) orders Defendant Belmont to pay the total of disgorgement, prejudgment interest, and penalty due of $175,000 in 4 installments to the Commission according to the following schedule: (1) $87,500, within 14 days of entry of this Final Judgment; (2) $29,166.66, within 120 days of entry of this Final Judgment; (3) $29,166.67, within 240 days of entry of this Final Judgment; and (4) $29,166.67, within 360 days of entry of this Final Judgment;

(f) Orders Defendant Meuse to pay the total penalty due of $50,000 in 4 installments to the Commission according to the following schedule: (1) $25,000, within 14 days of entry of this Final Judgment; (2) $8,333.33, within

2

120 days of entry of this Final Judgment; (3) $8,333.33, within 240 days of entry of this Final Judgment; (2) $8,333.34, within 360 days of entry of this Final Judgment;

(g) restrains and enjoins Defendant Meuse from participating in the offering of any penny stock for a period of five years pursuant to Section 20(g) of the Securities Act [15 U.S.C. § 77t(g)] and Section 21(d)(6) of the Exchange Act [15 U.S.C. § 78u(d)(6)]; and

(h) restrains and enjoins Meuse from serving as an officer or director of any pubic company for a period of five years pursuant to Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)] and Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)].

3.     Defendants agree that they shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendants pay pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.  Defendants further agree that they shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendants pay pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4.     Defendants waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

3

5.     Defendants waive the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6.     Defendants enter into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendants to enter into this Consent.

7.     Defendants agree that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.     Defendants will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waive any objection based thereon.

9.     Defendants waive service of the Final Judgment and agree that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendants of its terms and conditions. Defendants further agree to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendants have received and read a copy of the Final Judgment.

10.    Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendants in this civil proceeding. Defendants acknowledge that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendants waive any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendants further acknowledge

4

that the Court's entry of a permanent injunction may have collateral consequences under federal

or state law and the rules and regulations of self-regulatory organizations, licensing boards, and

other regulatory organizations. Such collateral consequences include, but are not limited to, a

statutory disqualification with respect to membership or participation in, or association with a

member of, a self-regulatory organization. This statutory disqualification has consequences that

are separate from any sanction imposed in an administrative proceeding. In addition, in any

disciplinary proceeding before the Commission based on the entry of the injunction in this

action, Defendants understand that they shall not be permitted to contest the factual allegations

of the complaint in this action.

      11.    Defendants understand and agree to comply with the terms of 17 C.F.R.

§ 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant

or respondent to consent to a judgment or order that imposes a sanction while denying the

allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is

equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies

the allegations." As part of Defendants' agreement to comply with the terms of Section 202.5(e),

Defendants: (i) will not take any action or make or permit to be made any public statement

denying, directly or indirectly, any allegation in the complaint or creating the impression that the

complaint is without factual basis; (ii) will not make or permit to be made any public statement

to the effect that Defendants do not admit the allegations of the complaint, or that this Consent

contains no admission of the allegations, without also stating that Defendants do not deny the

allegations; and (iii) upon the filing of this Consent, Defendants hereby withdraw any papers

filed in this action to the extent that they deny any allegation in the complaint. If Defendants

breach this agreement, the Commission may petition the Court to vacate the Final Judgment and

5

restore this action to its active docket. Nothing in this paragraph affects Defendants': (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12.     Defendants hereby waive any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendants to defend against this action. For these purposes, Defendants agree that Defendants are not the prevailing party in this action since the parties have reached a good faith settlement.

13.     Defendants agree that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14.     Defendants agree that this Court shall retain jurisdiction over this matter for the

purpose of enforcing the terms of the Final Judgment.

Dated: 11/30/13

_____

Joseph Meuse

On _____, 200_, _____, a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent.

_____

Notary Public
Commission expires:

Dated: 11/20/13

Belmont Partners, LLC

By: _____

Joseph Meuse
President of Belmont Partners, LLC
173 Keith St., Warrenton, VA 20186

On November 20, 2013 _____ Joseph Meuse _____, a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent with full
authority to do so on behalf of B elmont Partners its president.

_____

Notary Public
Commission expires:

Approved as to form:

_____

Martin H. Kaplan
120 Wall Street
New York, New York
(t) (212) 269-1400
Attorney for Defendants Belmont Partners, LLC and Joseph Meuse

JOHNNIE L. ZARECOR
Notary Public
Commonwealth of Virginia
Reg. #351816
My Commission Exps. Oct. 31, 2016

7

14.    Defendants agree that this Court shall retain jurisdiction over this matter for the

purpose of enforcing the terms of the Final Judgment.

Dated: 11/20/13

_____
Joseph Meuse

On November 20, 2003, Joseph Meuse, a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires:

JOHNNIE L. ZARECOR
Notary Public
Commonwealth of Virginia
Reg. #351816
My Commission Exps. Oct. 31, 2016

Dated:_____

Belmont Partners, LLC

By: _____
    Joseph Meuse
    President of Belmont Partners, LLC
    173 Keith St., Warrenton, VA 20186

On _____, 200_, _____, a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent with full
authority to do so on behalf of _____ as its _____.

_____
Notary Public
Commission expires:

Approved as to form:

_____
Martin H. Kaplan
120 Wall Street
New York, New York
(t) (212) 269-1400
Attorney for Defendants Belmont Partners, LLC and Joseph Meuse

7